UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JORGE HERNANDEZ, Fed. Reg. No. 48417-180, Movant, v. UNITED STATES OF AMERICA, Respondent. | §§§§§§§§§§§ EP-07-CA-0379-PRM  EP-04-CR-1647-PRM |

## MEMORANDUM OPINION AND ORDER

On this day the Court *sua sponte* considered Movant Jorge Hernandez's ("Hernandez") *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion to Vacate") [Docket No. 52]. Therein, Hernandez challenges his 120-month prison sentence for importing 500 grams or more of methamphetamine into the United States from Mexico. After reviewing the pleadings and record, the Court finds Hernandez's claims are time-barred. Accordingly, the Court will deny Hernandez's Motion to Vacate and summarily dismiss his civil cause with prejudice pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings.[1] The Court will additionally deny Hernandez a certificate of appealability.

---

[1] Rule 4 of the Rules Governing Section 2255 Cases provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

28 U.S.C. foll. § 2255 Rule 4(b) (West 2007).

I.   **FACTUAL AND PROCEDURAL HISTORY**

A grand jury sitting in the Western District of Texas, El Paso Division, returned a two-count indictment charging Hernandez with importing 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H) ("Count One"), and possession with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) ("Count Two"). Hernandez appeared with his counsel before a United States Magistrate Judge and, after being admonished as required by Federal Rule of Criminal Procedure 11,[2] pleaded guilty to Count One pursuant to the terms of a plea agreement. The Court accepted Hernandez's plea after finding Hernandez entered his plea voluntarily and with an understanding of the charge and maximum penalty. At sentencing, the Court denied Hernandez's objection to the presentence report's lack of a safety-valve provision, but granted his request for a minor role adjustment. The Court then sentenced Hernandez to a term of 120 months' confinement, to be followed by five years' supervised release.

Hernandez timely appealed.[3] The Government moved to dismiss the appeal, however, noting Hernandez failed to address the appeal waiver contained in his plea agreement. After reviewing the record, the Fifth Circuit Court of Appeals granted the Government's motion on November 15, 2005, and dismissed Hernandez's appeal.

---

[2] *See United States v. Vonn*, 535 U.S. 55, 62 (2002) ("Rule 11 of the Federal Rules of Criminal Procedure requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant."); *United States v. Gracia*, 983 F.2d 625, 627 (5th Cir. 1993) (explaining compliance with the admonishments required under Rule 11 provides "prophylactic protection for the constitutional rights involved in the entry of a guilty plea.").

[3] *United States v. Hernandez*, No. 05-50107 (5th Cir. Nov. 15, 2005).

The Court has liberally read Hernandez's Motion to Vacate.[4] It understands him to assert two grounds for relief: (1) his trial counsel provided ineffective assistance while negotiating the plea agreement; and (2) the Court erred in failing to grant him a two-level safety valve adjustment after he provided the Government with information concerning his offenses.

## II.  LEGAL STANDARD

### A.  Section 2255

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[5] Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[6] Thus, before a court may grant relief pursuant to § 2255, the movant must establish: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack."[7]

---

[4] *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaints to less stringent standards than formal pleadings drafted by lawyers).

[5] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

[6] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[7] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

B.   *Limitations*

Additionally, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[8] A federal prisoner must file his motion within one year from the date on which: (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[9]

C.   *Equitable tolling*

The one-year limitations period is not jurisdictional, and is thus subject to equitable tolling.[10] Equitable tolling, however, is justified only in rare and exceptional circumstances.[11] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[12] "'Equity is not intended for those who sleep on their rights.'"[13] Rather, "'[e]quitable tolling is appropriate

---

[8] 28 U.S.C.A. § 2255 ¶ 6 (West 2007).

[9] *Id.*; *United States v. Brown*, 305 F.3d 304, 306-07 (5th Cir. 2002).

[10] *Cf. Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (addressing the limitations period for 28 U.S.C. § 2254 petitions). The Fifth Circuit has recognized that the limitations provisions in § 2254 and § 2255 are "nearly identical," and has read them *in pari materia* as long as the context has not rendered such a reading improper. *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998).

[11] *Id.* at 848.

[12] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[13] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[14]  Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[15]  "The decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[16]

With these principles in mind, the Court turns to Hernandez's Motion to Vacate.

### III.  ANALYSIS

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final.[17]  A judgment becomes final when the applicable period for seeking direct review of a final conviction expires.[18]  As noted, Hernandez timely appealed his sentence, but the Fifth Circuit granted the Government's motion to dismiss on November 15, 2005.  Hernandez did not pursue further direct appeals.  Thus, Hernandez's conviction became final on February 13, 2006, when the 90-day period for filing a petition for writ of certiorari expired.[19]  As none of § 2255's

---

[14] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992)).

[15] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[16] *Cousin*, 310 F.3d at 848.

[17] *Clay v. United States*, 537 U.S. 522, 524 (2003).

[18] *Id.* at 525; *United States v. Gamble*, 208 F.3d 536 (5th Cir. 2000) (per curiam).

[19] *See* SUP. CT. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a . . . United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment."); *see also Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

other statutory triggering events apply,[20] the Court finds the one-year limitation period began to run on February 13, 2006, the day Hernandez's conviction became final, and ended one year later on February 12, 2007. Hernandez constructively filed the instant Motion to Vacate on October 12, 2007,[21] nine months after the one-year limitations period expired. Therefore, Hernandez's Motion to Vacate is untimely and subject to dismissal, absent a showing that the Court should equitably toll the limitations period.

Hernandez bears the burden[22] of showing the "rare and exceptional circumstances" necessary to warrant the application of equitable tolling principles to a late-filed § 2255 motion.[23] Equitable tolling is not available for "'garden variety claims of excusable neglect.'"[24] It is also not available if the petitioner did not act diligently in attempting to meet the one-year limitations

---

[20] Hernandez has not alleged that the Government in any way impeded his timely filing of a § 2255 motion. *See* 28 U.S.C.A. § 2255 ¶ 6(2) ("The limitation period shall run from . . . the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action."). Hernandez has also not alleged a claim based on a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C.A. § 2255 ¶ 6(3) ("The limitation period shall run from . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Finally, Hernandez has not shown he could not have discovered the facts underlying his claims through the exercise of due diligence by the time his conviction was final. *See* 28 U.S.C.A. § 2255 ¶ 6(4) ("The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

[21] A *pro se* prisoner's habeas corpus petition is constructively filed when the prisoner delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998)).

[22] *Phillips*, 216 F.3d at 511.

[23] *Patterson*, 211 F.3d at 930 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[24] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

deadline.[25] "'Equitable tolling applies principally where the plaintiff is actively misled by *the defendant* about the cause of action or is prevented in some extraordinary way from asserting his rights.'"[26]

Hernandez does not claim the Government actively misled him or somehow prevented him from asserting his rights under § 2255; rather, he blames his attorney for his delay in filing the instant Motion to Vacate.[27] Hernandez explains that, despite his letters, he did "not receive any form of communication from his counsel."[28] While the normal errors made by attorneys may not justify equitable tolling of the statute of limitations for filing a habeas petition, extreme situations, such as deception or abandonment, may require a different result.[29] An attorney's conduct, if it is sufficiently egregious, may constitute the sort of "extraordinary circumstances" that would justify the application of equitable tolling to the one-year limitations period.[30]

---

[25] *Coleman*, 184 F.3d at 403.

[26] *Id.* at 402 (quoting *Rashidi*, 96 F.3d at 128 (5th Cir. 1996) (emphasis added)).

[27] Pet'r's Mot. to Vacate [Docket No. 52] at 13.

[28] *Id.*

[29] *See United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) ("[The Movant's] allegation that he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf presents a "rare and extraordinary circumstance" beyond petitioner's control that could warrant equitable tolling of the statute of limitations.).

[30] *See Baldayaque v. United States*, 338 F.3d 145, 151-52 (2d Cir. 2003) (holding that where "[the movant] did everything that could have been expected of him and . . . went to extraordinary ends to have a § 2255 motion filed on his behalf," that an attorney's inaction amounted to "extraordinary circumstances" such that equitable tolling of the one-year limitations period for filing a motion to vacate was appropriate.); *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003) (holding the conduct of the inmate's attorney was sufficiently egregious to justify equitable tolling of the one-year limitations period under the AEDPA where the inmate contacted the attorney numerous times, by telephone and in writing, but his effort were fruitless).

Hernandez admits, however, that he learned on October 26, 2006, that the Fifth Circuit had granted the Government's motion to dismiss his appeal.[31] Yet, Hernandez inexplicably waited nearly a year after he learned of the Fifth Circuit's decision to file the instant Motion to Vacate. Hernandez lost whatever equitable tolling to which he may have been entitled through his own lack of diligence in pursuing his claims. Accordingly, the Court finds Hernandez is not entitled to equitable tolling and his Motion to Vacate is time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[32] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[33] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[34]

---

[31] Pet'r's Mot. to Vacate [Docket No. 52] at 13.

[32] 28 U.S.C.A. § 2253(c)(1)(B) (West 2007).

[33] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted);

[34] *See* 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *see also Lackey*, 116 F.3d at 151 (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *United States v. Kimler*, 150 F.3d 429, 431 and n. 1 (5th Cir.1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the movant makes: (1) an explicit request; and (2) a substantial showing of the denial of a constitutional right.).

Although Hernandez has not yet filed a notice of appeal, this Court nonetheless may *sua sponte* address whether he is entitled to a certificate of appealability.[35]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[36] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[37] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[38] Here, Hernandez is not entitled to a certificate of appealability because reasonable jurists would agree that his Motion to Vacate is untimely and that he is not entitled to equitable tolling.

## V. CONCLUSION AND ORDER

For the reasons stated, the Court dismisses Hernandez's Motion to Vacate as untimely. The Court further concludes that Hernandez is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

---

[35] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining it is appropriate for district court to address *sua sponte* the issue of whether a certificate of appealability should be granted or denied, even before one is requested).

[36] 28 U.S.C.A. § 2253(c)(2).

[37] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[38] *Slack*, 529 U.S. at 484.

1. Movant Jorge Hernandez's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Docket No. 52], is **DENIED,** and Hernandez's civil cause is **DISMISSED WITH PREJUDICE.**

2. Movant Jorge Hernandez is **DENIED** a **CERTIFICATE OF APPEALABILITY.**

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED.**

**SIGNED** this 20th day of December 2007.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE